S05Y1265. IN THE MATTER OF WILLIAM R. GIGNILLIAT III.
(613 SE2d 609)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of a special master who was appointed following the filing of a Formal Complaint by the State Bar. The Formal Complaint alleged, and the special master found, that Respondent William R. Gignilliat III violated Rules 1.15 (I) (b), 1.15 (II) (b), 8.4 (a) (1) and 8.4 (a) (4) of the Rules of Professional Conduct which are found in Bar Rule 4-102 (d). The special master recommends imposition of the maximum penalty of disbarment for Gignilliat's violations. We agree.

The State Bar filed a Formal Complaint against Gignilliat, who has been a member of the Bar since 1968. Despite acknowledging service of the Formal Complaint, Gignilliat failed to respond and the following facts were deemed admitted by the special master pursuant to Bar Rule 4-212 (a): Gignilliat was named as executor of the last Will and Testament of his client, who died in November 1999; the client's Will generally provides for her estate to benefit her two children; Gignilliat was to hold in trust the assets of minors until they reach the

age of 25; Gignilliat failed to promptly account for the estate's assets, failed to make timely distributions to the beneficiaries and failed to communicate with the two beneficiaries (or with the younger one's guardian); Gignilliat sold two parcels of real property belonging to the estate and failed to account to the beneficiaries for the proceeds from those sales; Gignilliat has not yet closed the estate or established trusts for the estate; he has not filed an accounting with the Fulton County Probate Court since 1999; he has failed to place all estate funds in an account separate from his own funds; he is commingling estate funds with his own; and he has converted estate funds.

An acknowledgment of service dated November 16, 2004, shows that Gignilliat was served with the Notice of Finding Probable Cause; the Formal Complaint, the Petition for Appointment of a Special Master and the Order appointing a special master, but Gignilliat did not respond in any way. Accordingly, the facts alleged and violations charged in the Formal Complaint are deemed admitted by default. See Bar Rule 4-212 (a).

Considering the entire record, we find that Gignilliat knowingly violated Rules 1.15 (I) (b), 1.15 (II) (b), 8.4 (a) (1) and 8.4 (a) (4) of Bar Rule 4-102 (d) and that his client sustained injury or potential injury as a result of his violation of his duty to her. We find no mitigating circumstances and note in aggravation that this action involves multiple offenses, that Gignilliat appears to refuse to acknowledge the wrongful nature of his conduct, and that Gignilliat seems indifferent to making restitution. Accordingly, we accept the recommendation of the special master that disbarment is the appropriate sanction in this case and order that the name of William R. Gignilliat III be removed from the rolls of persons entitled to practice law in the State of Georgia. Gignilliat is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 23, 2005.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.